<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

MICHAEL WILLIAMS, *et al.*,

               Plaintiffs,

               v.

ALLSTATE RETIREMENT PLAN AGENTS
PENSION PLAN, *et al.*,

               Defendants.

---

Civil Action No. 24-9100 (MAS) (TJB)

**MEMORANDUM ORDER**

<u>**SHIPP, District Judge**</u>

      This matter comes before the Court upon Plaintiffs Michael Williams and Zachary Williams's ("Plaintiffs") unopposed Motion for Default Judgment against Defendant Jerry Williams ("Williams"). (Pls.' Mot. for Default J., ECF No. 20.) Defendants Allstate Retirement Plan Agents Pension Plan, Allstate, and the Allstate 401(k) Savings Plan (collectively, the "Allstate Defendants") responded and take "no position on whether or not this Court should grant Plaintiffs' Motion for Default Judgment against . . . Williams." (Allstate Defs.' Resp., ECF No. 22.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court denies Plaintiffs' Motion.

      Federal Rule of Civil Procedure 55[1] authorizes a court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage*

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

*Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgment is a disfavored remedy because it does not resolve a plaintiff's claims on the merits. *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

When determining whether to enter default judgment, three assessments guide the Court's analysis. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). *First*, "where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant." *Id.* (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)). *Second*, the Court must ensure that "the unchallenged facts" within the complaint give rise to a "legitimate cause of action." *Id.* (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). When conducting this assessment, "the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages." *Id.*; *see DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). *Third*, the Court must determine whether default judgment is appropriate by weighing three factors (the "*Emcasco* factors"): "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Id.* (citing *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018)); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

First, the Court must determine whether Plaintiffs properly served Williams. *Gold Kist*, 756 F.2d at 19; *Chef's Warehouse Mid-Atl., LLC v. Bayou Boys LLC*, No. 25-721, 2025 WL 2535617,

at *2 (E.D. Pa. Sep. 3, 2025). Plaintiffs "bear[] the burden of proof on that issue." *Grand Ent. Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). Here, Williams was properly served. (*See* Text Order, ECF No. 16 ("Williams was served with process on 12/04/2024[.]"); Certificate of Service, ECF No. 3 ("I was able to serve [Williams] directly[.]").)

The Court next turns to whether it may exercise jurisdiction over the parties. "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Here, while Plaintiffs checked the box on the form Complaint indicating that the action arises under federal question jurisdiction, they fail to indicate what statute their claims arise under. (*See* Compl. 3, ECF No. 1.) From the Complaint's "Statement of Interpleader Action[,]" and the Civil Cover Sheet, the Court notes that it appears Plaintiffs are bringing this action pursuant to the Employee Retirement Income Security Act ("ERISA")—however, the Complaint fails to mention ERISA or any other statute. (Compl. 3, 6; Civil Cover Sheet, ECF No. 1-1.) The Court is therefore not satisfied that it has jurisdiction over Plaintiffs' claims. *Hardaway v. Phila. Police 22nd-23rd*, No. 24-1782, 2024 WL 1936270, at *1 (E.D. Pa. May 1, 2024) ("Federal question jurisdiction must appear on the face of the complaint.").

The Complaint also fails to sufficiently state a cause of action. (*See generally* Compl.) The Complaint merely alleges that: (1) "Decednet [sic] Laverne Griffen passed away, leaving behind retirement and other benefits in the custody of the [D]efendant, AllState. At the time of her death, she was divorced from the [D]efendant [Williams], though he remained the designated beneficiary[;]" and (2) the "[d]ivorce [d]ecree is in conflict with [the] beneficiary designation[.]" (*Id.* at 6.) Nowhere in the Complaint is there an explanation of what is included in the divorce

3

decree, or, specifically, what "retirement and other benefits" are at issue. (*See generally id.*) Nor is the divorce decree or any retirement plan information or documentation attached. (*See id.*) The Complaint, moreover, lists the property in controversy amount as "Account Balence [sic]" with no numeric value listed. (*Id.* at 6.) The spaces included in the form Complaint for the "Signature of Attorney" and date of signing are also blank. (*Id.* at 7.)

Plaintiffs ask this Court to enter default judgment against Williams. (Mot. for Default J.) Based on what is before the Court, it declines to do so. *Kaplan Bros.*, 2021 WL 1976700, at *2 (explaining that default judgment is a disfavored remedy because it does not resolve plaintiffs' claims on the merits); *Hritz*, 732 F.2d at 1180 (noting that default judgment is left to the district court's discretion). As discussed above, Plaintiffs' Complaint is insufficient. Plaintiffs' Motion for Default Judgment, moreover, does not include a memorandum of law and provides no legal basis or authority for their argument that a spouse's rights being terminated upon divorce supersedes a retirement plan's beneficiary designation. (*See generally* Mot. for Default J.) Accordingly,

IT IS, on this 17th day of February 2026, **ORDERED** as follows:

1.    Plaintiffs' Motion for Default Judgment (ECF No. 20) is **DENIED**.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4